IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RACHEL CALDERON TREVINO, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | FILE NO. _____ |
| vs. | * | |
| | * | |
| KIA AMERICA, INC. f/k/a KIA | * | |
| MOTORS AMERICA, INC. and | * | |
| ABC, INC. 1-3, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** RACHEL CALDERON TREVINO, in the above-styled action, by and through her attorneys of record, and files this complaint for damages against KIA AMERICA, INC. f/k/a KIA MOTORS AMERICA, INC. and ABC, INC. 1-3 (collectively, "**Defendants**"), and shows this Court as follows:

### PARTIES

1. Rachel Calderon Trevino ("**Plaintiff**") is domiciled in the state of Georgia and has been domiciled in the state of Georgia at all times relevant to this case.

2. Kia America, Inc. f/k/a Kia Motors of America, Inc. ("**Defendant Kia**") is a foreign profit corporation existing under the laws of California with its principal place of business at 111 Peters Canyon Road, Irvine, California 92606, and may be served through its registered agent, The Corporation

1

Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794 (Forsyth County).

3. ABC, Inc. 1-3 ("**Defendants ABC Inc. 1-3**") are currently unknown entities who may have liability in respect of the design, manufacture, distribution, sale, and/or otherwise operation of Kia vehicles including the vehicle purchased by Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction exists because Plaintiff is domiciled in Georgia, no Defendant is resident in Georgia, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein occurred in this district and the subject contract was executed in the district. Additionally, Defendants have placed a product in the stream of commerce in this district and have received substantial revenue and profits from the sales and leasing of said vehicles in this district.

## BACKGROUND

6. For years, Defendants have been manufacturing and selling defective vehicles to the public.

7. Defendants' vehicles are defective in a number of respects because Defendants have systematically and deliberately chosen to reduce the production cost of their vehicles by using cheaper and poorer quality components—thus prioritizing their own profit margin over the safety of their customers.

8. Defendants have long known about these problems.

## FACTS

9. Prior to the incident giving rise to this complaint, Plaintiff purchased a 2014 Kia Soul with Vehicle ID # KNDJP3A56E7026516 ("**Kia Soul**").

10. The Kia Soul became the subject of a recall because it had a defective engine.

11. The defect in its engine could cause the front of the Kia Soul to catch on fire.

12. This defect was extremely dangerous to Plaintiff as well as other road users.

13. On February 17, 2021, Plaintiff took the Kia Soul to a Kia dealership called Matthews Kia of Cartersville at 595 East Main Street, Cartersville, GA 30121 (Bartow County) ("**Dealership**") so that the defect could be fixed.

14. The Dealership conducted a "KIA certified inspection," corrective work, and a software update, and provided Plaintiff with a complementary exterior wash.

15. Nevertheless, even following this corrective work, the defect in the Kia Soul caused its engine continually to lose oil pressure.

16. The Kia Soul's engine continued to run roughly. At one point, Plaintiff was attempting to drive the Kia Soul up a hill and it would not go above 20 miles per hour.

17. Plaintiff again took the Kia Soul to the Dealership so that the defect could be fixed.

18. The dealership was unable to fix the Kia Soul.

19. While at the Dealership, the Kia Soul stopped working completely.

20. The Kia Soul was towed away from the Dealership.

21. The defect in the Kia Soul's engine is so serious that the entire engine has to be replaced.

22. In the absence of a new engine, the Kia Soul is effectively worthless.

23. As a proximate result of Defendants' negligence, Plaintiff was caused damages including but not limited to property damage in the form of the disabling damage to Plaintiff's vehicle, out of pocket expenses, and lost wages.

## COUNT ONE
## STRICT LIABILITY / NEGLIGENCE / PRODUCTS LIABILITY

24. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25. The incident occurred as a direct and proximate result of Defendants' negligence, failure to exercise ordinary care, and their disregard for the safety of others.

26. The 2014 Kia Soul has had multiple recalls.

27. Because the subject make and model Kia Soul vehicle has been recalled by Kia due to *inter alia* known engine failures and fire risks, it is deemed to be defective, and the legal standard is strict liability.

28. Kia reached a class action settlement with some affected KIA owners in 2021. Plaintiff in this action was not a party to the class action.

29. Plaintiff does not choose to be added to the subject 2024 Kia/Hyundai class action which reached a settlement in 2024.

30. The statute of limitations in this property damages case has not expired. The statute of limitations has been extended as far back to 2010 in older model cases because of the egregious conduct of Kia. Plaintiff is entitled to special damages and general damages that were and are foreseeable and or provided law for all provable damages that flow from Kia placing this dangerous vehicle into the stream of commerce while knowing of the highly dangerous nature of its defective vehicles and its components, particularly This case is related to the Raven v. Kia Motors case currently pending.

31. Defendants were negligent in one or more of the following respects:

    a.    they negligently designed, manufactured, distributed, advertised, and sold a defective product—namely, the 2017 Kia Sportage and it constituent parts;

    b.    they negligently failed adequately to warn purchasers of the defects;

    c.    they negligently failed to repair the defects;

    d.    they negligently did not recall the entire vehicle, choosing rather to attempt to replace componentry and update software; and

    e.    they exposed American citizens—including Plaintiff—to great risk of serious injury and death.

## COUNT TWO
## PUNITIVE DAMAGES

32. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33. Defendants had prior knowledge of the defect in the Kia Sportage vehicles.

34. Defendants deliberately prioritized profit margins over the safety of the public, including Plaintiff.

35. Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences such that an award of punitive damages is appropriate pursuant to O.C.G.A. § 51-12-5.1.

## COUNT THREE
## ATTORNEY'S FEES AND COSTS

36. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37. There is no bona fide controversy as to liability.

38. Defendants have been stubbornly litigious, have acted in bad faith, and has caused Plaintiff unnecessary trouble and expense, thereby violating O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

   a. that Plaintiff recovers special damages, including but not limited to lost wages, out of pocket expenses, and the full value of Plaintiff's property damage in an amount to be proven at trial;

   b. that Plaintiff recovers punitive damages;

   c. that Plaintiff recovers attorney's fees and costs;

   d. that Plaintiff recovers such other and further relief as is just and proper; and

   e. that all issues be tried before a jury.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

This 3rd day of July 2024.

                                        **WILLIAMS & ASSOCIATES**
                                        **LAW FIRM, P.C**.

                                        */s/ Rita T. Williams*
                                        Rita Tucker Williams
                                        GA State Bar No.: 763978
                                        ***Attorney for Plaintiff***

220 Church Street
Decatur, GA  30030
(404) 370-3783
Email:  rtwilliams@williamsandassoc.com